IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOBE E. LOGUE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 17-cv-390-JPG-CJP |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM and ORDER

Plaintiff Jobe E. Logue, acting *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final agency decision denying him social security disability benefits.

After the Commissioner filed the transcript of administrative proceedings, the Court entered a briefing schedule which required plaintiff to file a brief in support of his complaint by July 27, 2017 (Doc. 10). That order stated, "The submission of a brief is mandatory, and the failure to submit a brief in the form provided above may result in appropriate sanctions by the Court." Plaintiff's counsel was thereafter granted leave to withdraw (Doc. 21). In that order, the Court granted plaintiff an extension to December 20, 2017, in which to file his brief. That order stated, "Plaintiff is informed that failure to file a brief as ordered by December 20, 2017, may result in sanctions, including the dismissal of this case." That order was mailed to plaintiff's home address on November 17, 2017.

When plaintiff failed to file a brief as ordered, the Court, on its own motion, gave him another chance and granted him another extension to January 8, 2018 (Doc. 22). That order contained the following warning: **Plaintiff is cautioned that this case will be dismissed if he does not file his brief by January 8, 2018.**

On the day his brief was due, plaintiff filed a motion for appointment of counsel instead of a brief (Doc. 24). The Court denied that motion and granted him yet another extension, up to February 16,

2018, again warning plaintiff that failure to file a brief by that date may result in the dismissal of this case (Doc. 26).

The deadline had come and gone, and plaintiff has not filed a brief as ordered. Federal Rule of Civil Procedure provides that the Court may sanction a party who fails to obey a scheduling or other pretrial order. Rule 16(f) incorporates the sanctions provisions of Federal Rule of Civil Procedure 37(b). Thus, it is clear that the Court has the authority to impose sanctions, including dismissal, for failure to file a brief as ordered.

This Court has given plaintiff the required "warning shot," *i.e.*, warning of the consequences of failing to follow its orders. *See Ball v. City of Chi.*, 2 F.3d 752, 755 (7th Cir. 1993). Plaintiff failed to obey the Court's orders and has failed to diligently prosecute his case. Pursuant to *Johnson v. Chicago Board of Education*, 718 F. 3d 731 (7th Cir. 2013), the Court has considered whether a sanction short of dismissal of this case might be fruitful and finds that it would not. Therefore, this cause of action will be dismissed.[1]

This cause of action is ordered **DISMISSED without prejudice** The Clerk of Court shall enter judgment in favor of defendant.

**IT IS SO ORDERED.**
**Date: February 28, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**

---

[1] If plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). Plaintiff is further advised that, if he intends to file a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), that motion must be filed no later than 28 days after the entry of the judgment, and the 28 day deadline cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.